**FORT MASON FRUIT CO. v. HARRIS.**

Circuit Court, Lake County.

January 13, 1955.

Z. D. Giles, Leesburg, for plaintiff.

Walter Warren, Leesburg, for defendant.

T. G. FUTCH, Circuit Judge.

This case is before the court on plaintiff's motion to—"Strike Defendant's Defensive Pleadings and for Default Judgment." The gist of plaintiff's attorney's argument (while not directly stated in the motion) is to the effect that the copies of the pleadings served on it by defendant's attorney did not comply with the rules and did not constitute pleadings because the pleadings as served did not bear the signature of defendant's attorney, and the counterclaim did not state the amount of money claimed.

Plaintiff's attorney filed in evidence the copy of the pleadings which were served on it. At the conclusion thereof, there appears under the signature line—"Walter Warren, Attorney at Law, First Federal Building, Leesburg, Florida, Attorney for the Defendant."

The question presented by plaintiff's attorney in his argument is whether or not the copy of pleadings served on opposing counsel (or on a plaintiff or defendant in person) must bear the pen and ink signature of attorneys.

The Florida rule pertaining to signature of pleadings by counsel is to all intents and purposes the same as the federal rule, and the purpose for requiring such signature is spelled out to the same meaning by both sets of rules.

In the Cyclopedia of Federal Procedure, 3d ed., vol. 4, p. 102, under sec. 14.59 we find the following—

> The requirement is satisfied if the original pleading is so signed, and copies thereof served on the defendants need not be signed. Leastwise, failure to sign a copy served upon an adverse party is not material where the original is signed and the adverse party is not prejudiced because he has knowledge of who are the attorneys of record.

In Barron and Holtzoff's Federal Practice and Procedure, Rules Edition, on page 576 as part of section 332 we find—

> While failure to sign the copies of pleadings served may not be fatal if original or amended pleadings filed were properly signed, a decent regard for the courtesy due opposing counsel would seem to indicate that all copies served should *at least indicate in typewritten form the signature of the individual attorney signing the pleading* . . . (Italics added.)

In Pallant v. Sinatra (D.C.N.Y.), 7 Federal Rules Decisions 293, at page 300 we find—

> It appears that the original pleading which was filed with the Clerk of this Court on January 23, 1945, did bear the signature of one of the attorneys of record for plaintiff, and the attorney has made affidavit that he "personally signed the complaint in this action before it

was filed and also personally signed the original of the amended complaint before it was served and filed." Under the circumstances the omission of the attorney's signature from the copies served on the defendants' attorneys would not be such a breach of Rule 11 as would require the Court to treat the pleading as "sham and false" and direct that the action proceed as though the pleading had not been served. Service of the amended complaint on the attorneys for Dorsey and Sinatra was properly and timely made, and "as a matter of course" under Rule 15(a).

From the above authorities it appears that plaintiff's contention must fail, as the copies served appear to comply with the rules so far as signing is concerned.

Omission of the amount from the ad damnum clause is immaterial because plaintiff waived objection thereto by filing a lengthy reply to the counterclaim, and in addition the pleading as actually filed in the record contained appropriate figures.

It follows that the motion must be denied, but without prejudice to the plaintiff to question by appropriate motion the sufficiency of the defendant's pleadings to present a justiciable issue.